**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | No. CV-06-140-PHX-DGC (DKD) |
| Plaintiff, | ) | Related Case No. CR-05-979-PHX-DGC |
| vs. | ) | **ORDER** |
| Javier Garcia-Landeros, | ) | |
| Defendant/Movant. | ) | |

Pending before the Court is Movant Javier Garcia-Landeros' *pro se* amended motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Doc. #19. For the reasons set forth below, the Court will dismiss the amended motion in part.

**A.      Procedural Background.**

Movant presently is confined in the Cibola Correctional Center in Milan, New Mexico. Movant challenges his sentence of 51 months imprisonment and 2 years supervised release for illegal reentry after deportation in violation of 8 U.S.C. § 1326. Movant argues that his sentence is unconstitutional because it violates his equal protection rights. Doc. #19 at 4. In particular, Movant argues that as an alien, he is ineligible to (1) participate in a drug program and have a year taken off his sentence upon successful completion of that program and (2) spend six months in a halfway house. *Id.* at 4-5. Movant further alleges that he cannot be close to family members due to his immigration status because the "INS facility" in which he is confined is far away from family members. *Id.* at 5.

**B.    Legal Standard.**

Section 2255 provides, in pertinent part:

> A prisoner in custody under sentence of a [federal] court . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, . . . or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

28 U.S.C. § 2255.  A district court shall summarily dismiss a § 2255 motion "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief."   Rule 4(b), Rules Governing § 2255 Actions; *see Abatino v. United States*, 750 F.2d 1442, 1443-44 (9th Cir. 1985).  The district court need not hold an evidentiary hearing when the movant's allegations, viewed against the record, either fail to state a claim for relief or are patently frivolous. *See Marrow v. United States*, 772 F.2d 525, 526 (9th Cir. 1985); *Baumann v. United States*, 692 F.2d 565, 571 (9th Cir. 1982).

**C.    Analysis.**

"The Fourteenth Amendment's Equal Protection Clause applies to the federal government through the Fifth Amendment's Due Process Clause." *McLean v. Crabtree*, 173 F.3d 1176, 1185 (9th Cir. 1999).  "'Aliens, even aliens whose presence in this country is unlawful, have long been recognized as 'persons' guaranteed due process of law by the Fifth and Fourteenth Amendments.'" *Id.* (quoting *Plyler v. Doe*, 457 U.S. 202, 210 (1982)).

Movant alleges that he is ineligible for a potential sentence reduction and placement in a halfway house solely because he is an alien.  Doc. #19 at 4-5, ¶¶ B-C.  Construing these allegations in Movant's favor, the Court cannot conclude that the allegations are "patently frivolous" or that Movant clearly is not entitled to relief. *See* Rule 4(b), Rules Governing § 2255 Actions; *see also Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003) ("Courts have a duty to construe pro se pleadings liberally, including pro se motions as well as complaints.").  The Court accordingly will require the United States to file a response to these allegations. *See* 28 U.S.C. § 2255 ("Unless the motion . . . conclusively show[s] that

1   the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the
2   United States[.]"); *Marrow*, 772 F.2d at 530 (reversing summary dismissal where the
3   petitioner's allegations, if true, could have entitled him to relief).

4       Movant further alleges that he has been placed in a facility far away from family
5   members due to his immigration status. Doc. #19 at 5, ¶ D. Movant, however, does not have
6   a constitutional right to be placed in a specific facility. *See Neal v. Shimoda*, 131 F.3d 818,
7   828 (9th Cir. 1997) ("[A] prisoner does not have a constitutional right to be housed at a
8   particular institution."); *Meachum v. Fano*, 427 U.S. 215, 224 (1976) ("The Constitution does
9   not . . . guarantee that [a] convicted prisoner will be placed in any particular prison."). The
10  Court will dismiss this claim. *See* Rule 4(b), Rules Governing § 2255 Actions.

11  **IT IS ORDERED:**

12      1.      Movant Javier Garcia-Landeros' motion to vacate, set aside, or correct sentence
13  (Doc. #19) is **dismissed in part** as set forth in this order.

14      2.      The Clerk of Court shall deliver copies of the motion (Doc. #19) and this order
15  to the United States Attorney for the District of Arizona.

16      3.      The United States Attorney for the District of Arizona shall have sixty (60)
17  days from the date of service within which to answer the motion. The United States Attorney
18  may file an answer limited to relevant affirmative defenses, including but not limited to,
19  statute of limitations, procedural bar, or non-retroactivity. If the answer is limited to
20  affirmative defenses, only those portions of the record relevant to those defenses need be
21  attached to the answer. Failure to set forth an affirmative defense in an answer may
22  constitute a waiver of the defense. *Cf. Nardi v. Stewart*, 354 F.3d 1134, 1140-41 (9th Cir.
23  2004); *Morrison v. Mahoney*, 399 F.3d 1042 (9th Cir. 2005). If not limited to affirmative
24  defenses, the answer shall fully comply with all of the requirements of Rule 5 of the Rules
25  Governing Section 2255 Actions.

26      4.      Movant may file a reply within thirty (30) days from the date of service of the
27  answer.

28      5.      A clear, legible copy of every pleading or other document filed with the Clerk

1  of Court shall accompany each original pleading or other document filed with the Clerk for

2  use by the District Judge or Magistrate Judge to whom the case is assigned.  Failure to

3  comply with this requirement may result in the pleading or document being stricken without

4  further notice to Movant.

5      6.    Movant shall serve upon the attorney for the United States a copy of every

6  further pleading or other document submitted for consideration by the Court.  Movant shall

7  include with the original document and copy, to be filed with the Clerk of the Court, a

8  certificate stating the date a true and correct copy of the pleading or document was mailed

9  to the attorney.  Any paper received by a District Court Judge or Magistrate Judge which has

10 not been filed with the Clerk of the Court may be disregarded by the Court.

11     7.    At all times during the pendency of this action, Movant shall immediately

12 advise the Court and the United States Marshal of any change of address and its effective

13 date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS."  The notice

14 shall contain only information pertaining to the change of address and its effective date.  The

15 notice shall not include any motions for any other relief.   Movant shall serve a copy of the

16 notice on the United States Attorney for the District of Arizona.  Failure to file a notice of

17 change of address or otherwise comply with any order of the Court may result in the

18 dismissal of the action pursuant to Federal Rule of Civil Procedure 41(b).  *See Ferdik v.*

19 *Bonzelet*, 963 F.2d 1258, 1260 (9th Cir.1992).

20     8.    The matter is referred to United States Magistrate Judge David K. Duncan

21 pursuant to Local Rules of Civil Procedure 72.1 and 72.2 for further proceedings and a report

22 and recommendation.

23     DATED this 7th day of April, 2006.

24

25

26  _____

27                David G. Campbell
                  **United States District Judge**

28